■ ROSE M. RUDY et al., Appellants, v. METROPOLITAN COMMUTERS TRANSPORTATION AUTHORITY, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated March 31, 1972, which granted defendant's motion for summary judgment dismissing the complaint. Order affirmed, without costs. In this action plaintiffs seek to recover damages from defendant, Metropolitan

Commuters Transportation Authority (now the Metropolitan Transportation Authority), for the alleged negligence of the Long Island Rail Road. As a general rule, a parent corporation will not be held liable for the torts of its subsidiary corporation, notwithstanding the complete ownership of its stock (*Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84; 10 Fletcher, Cyclopedia Corporations [Perm. ed.], § 4878). In our opinion, no substantial issues of fact have been raised by plaintiffs which may warrant a finding that the relationship of defendant and the Long Island Rail Road is such that the separate corporate status of the latter may be disregarded. We pass on no other question. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.